19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Flores ORIZA, Petitioner-Appellee,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellant.
 No. 93-55141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided March 9, 1994.
 
 Appeal from the United States District Court for the Central District of California, No. 29189-AWT; A. Wallace Tashima, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Immigration and Naturalization Service ("INS") appeals the district court's judgment in favor of Roberto Flores Oriza. Mr. Oriza applied for and was granted naturalization under Sec. 405 of the Immigration Act of 1990, Public Law 101-649 ("IMMACT") as a World War II veteran of the Philippine Army. Our jurisdiction to hear this appeal is based on 28 U.S.C. Sec. 1291. We review de novo the interpretation of the Immigration and Nationality Act, Braun v. INS, 992 F.2d 1016, 1018 (1993), whereas we review the district court's findings of fact for clear error. Fed.R.Civ.P. 52(a).
 
 
 3
 Section 405 of IMMACT provides for relaxed naturalization requirements for Filipinos who served honorably in active duty status in the Philippine Army at any time between September 1, 1939 and December 31, 1946. IMMACT Sec. 405(1)(B)(ii). In this case, the INS attempts to cast doubt on the district court's factual determination that Mr. Oriza served in the Philippine Army. However, on the last page of its Reply Brief, the INS concedes that this finding is not clearly erroneous.
 
 
 4
 The INS' sole contention, therefore, is that the district court erred by allowing Mr. Oriza to prove his service by evidence not found among the authenticated records of the United States Army Reserve Personnel Records or the National Personnel Records Center, in St. Louis, Missouri.
 
 
 5
 This legal issue is indistinguishable from that addressed in INS v. Almero, No. 92-56425, consolidated with this case for purposes of oral argument. In Almero we held that factfinders are not limited to the records kept by the U.S. Army in St. Louis, and that IMMACT Sec. 405 requires factfinders to accept offers of proof based on authentic documentation from the executive department in which the petitioner served. In this case, such documentation included Mr. Oriza's 1946 honorable discharge certificate, and the certification signed by Major Quiba, Assistant Adjutant General in the Philippine Army, declaring that Mr. Oriza was paid as a private from March 26, 1945 to August 2, 1946.
 
 
 6
 It was not error for the district court to consider such evidence to determine whether Mr. Oriza actually served in the Philippine Army as he claimed. We AFFIRM.
 
 RYMER, Circuit Judge, dissenting:
 
 7
 For the reasons stated in Almero, I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3